UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

---

| | |
|---|---|
| MATTHEW P. FULLER, | 1:23-CV-01012-CBK |
| Plaintiff, | |
| vs. | ORDER |
| BRAD HOWELL, Sheriff, MATTHEW BLACKWELDER, Chief Correctional Officer, (FNU) YOST, Deputy Correctional Officer; STEVEN LOWERY, Deputy Sheriff, 3 JOHN DOE DEPUTY SHERIFFS, AMELIA BARRIENTOS, Secretary/Correctional Officer, LINDSEY STRICHERZ, Correctional Officer & 24/7 Sobriety Program Coordinator, WES JENNINGS, Correction Officer, SHAWNA CARTER, Correctional Officer, CO JORDAN, Correctional Officer, CO BRANDON, Correctional Officer, SGT. SHAWN NILLS, JANE OR JOHN DOES, Correctional Officers, SECURUS TECH TELECOMMUNICATIONS COMPANY, BRET THOMASON, Securus Tech Service Member, LOGAN CROWN, Police Officer, Watertown Police Department, and CHIEF DEPUTY SOLUM, Corrections Officer, in their individual and official capacities; | |
| Defendants. | |

---

Plaintiff filed a *pro se* complaint under 42 U.S.C. § 1983 raising claims that occurred while he was a pretrial detainee at the Codington County Detention Center in Watertown, South Dakota. Defendants Crown, Blackwelder, Howell, Carter, Solum, Nills, and Lowery filed motions to dismiss for failure to state a claim. Plaintiff was granted leave to file an amended complaint. Defendants Blackwater, Howell, and Lowery filed a motion to dismiss the amended complaint.

## BACKGROUND

Plaintiff's amended complaint states that, on April 20, 2022, at a suppression hearing in State v. Fuller, 14 CRI21-000158, the Circuit Court Judge directed Deputy Schimmel to seize any electronic devises from anyone other than law enforcement officers or attorneys, stating that such devices could be picked up after the hearing. Plaintiff refused and the judge directed the deputy to escort plaintiff out of the hearing. Plaintiff alleges that he went to his car and was eventually arrested for contempt of court, 14CRI22-000339. Plaintiff contends that no actual order of contempt was entered in the record at the hearing and thus his arrest was unlawful.

Plaintiff alleges that, after being placed at the jail, an incident between himself and another inmate resulted in a simple assault charge, 14CRI000339. He contends that his arrest on this charge and the previous contempt charge were made without a warrant and without probable cause. He contends that he was held for five days without bond and without a hearing. He filed a petition for a writ of habeas corpus on April 25, 2022. He claims he was released under the ruse that the Circuit Court Judge Spears changed his bond to a PR bond. Plaintiff alleges that no paperwork was given to him, which is proof that his rights were violated.

Plaintiff contends that, while he was in custody at the Codington County Detention Center on January 4, 2023, he filed grievances concerning his failure to be brought before a magistrate in April 2022 in the contempt case. He filed the same grievance as to his simple assault charge on January 24, 2023. He was not satisfied with the response by defendant Blackwelder and appealed to Sheriff Howell. Sheriff Howell advised him to speak to his attorney in response to one of his grievances and that he was held legally until seen by the judge in the other grievance. Plaintiff claims that he filed another grievance on January 26, 2023, contending that his due process rights were violated in connection with what transpired April 20 – 26, 2022, and he demanded $2.25 million for illegally conspiring to violate his constitutional rights. Plaintiff claims he again filed a grievance on January 27, 2023, and an appeal to Sheriff Howell the following date, claiming that he was illegally detained in April 2022.

Plaintiff contends that failure to bring him before a magistrate while he was detained in April 2022 is proof that he was kidnapped and illegally detained. He contends that his due process rights were violated and the jailers illegally held him in custody.

Plaintiff contends that he was illegally arrested on November 30, 2022, in 14CRI21-000158 pursuant to an "adult detainer." Plaintiff contends that he was unlawfully held on a 24/7 Sobriety Program violation in 14CRI22-1121 because he would not sign the seal of a UA that was not in his presence continually. Plaintiff contends that he was again arrested on December 5, 2022, pursuant to a probation officer's adult detainer in 14CRI21-000158. He contends that his rights under South Dakota law were violated in connection with such detention.

Plaintiff contends that Judge Pesall set bail in 14CRI22-1159 at $1,000 cash or surety, that cash bond was posed on the evening of December 8, 2022, that defendant Jennings failed to release plaintiff, and that the records show that his detainer has expired by law on December 7, 2022. Plaintiff contends that he filed grievances as to his December detention on December 16, 2022, and January 4, 2023. He contended in his grievances that the jail kidnapped him and deprived him of his liberties.

Plaintiff continued to file grievances and appeals contending that his detention violated South Dakota law and jail policies. He contends that his rights were violated because he was refused a copy of the jails policies, although he admits he was told the policies are contained in the inmate handbook which he received.

Plaintiff contends that defendants Howell and Blackwelder held him in jail without lawful orders. He further contends that both defendants are liable for the actions of the deputies, jailers, and clerks.

I take judicial notice of the records of South Dakota's Unified Judicial System, which are available on the ecourts portal. Those records show that plaintiff was charged in the Third Judicial Circuit, Codington County, on February 4, 2021, with possession of marijuana, 14CRI21-000158. He was released on conditions. On April 20, 2022, a suppression hearing was held. Based upon plaintiff's conduct at that hearing, plaintiff

3

was detained and taken to the Codington County Detention Center. As set forth in plaintiff's amended complaint, he was charged with simple assault on April 20, 2022, 14CRI22-000339, for his conduct against another inmate at the Detention Center. While he was in detention on the simple assault charge, formal criminal contempt charges were filed, 14MAG22-000139, for plaintiff's conduct at the suppression hearing.

On April 21, 2022, a motion to revoke release in 14CRI21-000158 was filed based upon plaintiff's arrest for contempt of court the previous day for his behavior at the suppression hearing. Judge Spears issued an arrest warrant. Plaintiff was already in custody on the simple assault matter. A bond hearing was held April 27, 2022, with plaintiff and counsel present. Judge Spears set bond for $3,000, which was posted and defendant was released on conditions in all three cases - the marijuana case, 14CRI21-000158, the simple assault case, 14CRI22-000339, and the contempt case, 14MAG22-000139. On July 13, 2022, defendant pleaded guilty and was sentenced to two years imprisonment, suspended, and was placed on supervised probation for possession of marijuana in 14CRI21-000158. Thereafter, the simple assault case, 14CRI22-000339, and the criminal contempt case, 14MAG22-000139, were dismissed by the prosecutor.

Defendant was arrested on November 23, 2022, and charged with aggravated assault-domestic and possession of methamphetamine, along with other charges, 14CRI22-001121. His probation officer in 14CRI21-000158 filed a detainer pursuant to state statute. Plaintiff was released on bond December 2, 2022. Plaintiff was charged with possession of marijuana and other offenses on December 5, 2022, arising out of his conduct on that same date, 14CRI22-001159. Defendant was held in custody on his various criminal cases thereafter. On May 24, 2023, following a hearing, the suspended sentence in 14CRI21-000158 was revoked and defendant was sentenced to two years imprisonment. The pending charges in 14CRI22-001121 and 14CRI22-001159 were thereafter dismissed by the prosecutor.

Petitioner filed an appeal to the South Dakota Supreme Court of the revocation of his suspended sentence in 14CRI21-000158 and that appeal is still pending, #30391.

4

## DECISION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988). I am required to liberally construe plaintiff's *pro se* complaint. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Even though plaintiff is proceeding pro se, he is still required to state each allegation in a simple, concise, and direct manner. Fed. R. Civ. P. 8(d)(1).

### I. Official Capacity Claims.

Plaintiff sued defendants in their official capacities. When a public employee is sued in his or her official capacity, the plaintiff is suing "only the public employer," in this case, Codington County and the City of Watertown. Furlow v. Belmar, 52 F.4th 393, 406 (8th Cir. 2022). Local governments, like counties and cities, are liable only for "their own illegal acts" and are not vicariously liable under § 1983. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978). *Accord,* Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011). "A county [and a city] may be liable for a constitutional violation under § 1983 only if the violation resulted from a policy or custom of the municipality." Calgaro v. St. Louis County, 919 F.3d 1054, 1058 (8th Cir. 2019) (*citing* Monell v. Dep't of Soc. Servs., *supra.*).

Plaintiff does not allege that Codington County or the City of Watertown have illegal policies that violate his federal constitutional or statutory rights. He claims one or more defendants may have violated the Codington County Detention Center's disciplinary policies or state law in conjunction with his detention in his state criminal cases. His claim is that defendants did not follow policy – not that the policy itself violates his rights. Plaintiff's official capacity claims should be dismissed for failure to state a claim upon which relief can be granted.

## II. Individual Capacity Claims.

### A. Claim against Crown.

Plaintiff contends in his original complaint that defendant Crown arrested him on December 5, 2022, for possession of marijuana. He goes into great detail as to the insufficiencies in Officer Crown's probable cause affidavit and objects that Officer Crown did not accept plaintiff's claim that he was only in possession of three ounces consistent with plaintiff's medical marijuana license. Plaintiff also claimed in the original complaint that defendant Crown tampered with evidence in connection with charges against plaintiff.

Plaintiff abandoned any claim against defendant Crown in the amended complaint. The amended complaint fails to state a claim upon which relief can be granted against defendant Crown.

## III. Claims against Carter, Solum, Nills, Lowery.

Plaintiff claims in the original complaint that defendant Carter threatened to tell the State's Attorney or the Judge about his conduct while in custody, that she wrote up notices of rule violations, and that she "found me guilty and sentenced me." He claims that he "was pulled out of my cell block" by defendant Solum and "he shoved me in the direction he wanted me to go." Plaintiff listed defendant Nills as a defendant in the original complaint and described defendant Nills' as being involved in disciplinary proceedings against plaintiff but did not state any claim against defendant Nills. All the foregoing fails to state a claim upon which relief can be granted against any of those defendants. Plaintiff abandoned any claim against defendants Carter, Solum, and Nills in the amended complaint.

Plaintiff claims in the original complaint that defendant Lowery asked plaintiff to sign the seal of a urine sample but did not claim defendant Lowry violated any right. Plaintiff reasserts that statement in the amended complaint and also claims that defendant Lowry violated his rights by "placing a 24/7 violation" and sentencing him in violation of due process. Neither plaintiff's original complaint nor the amended complaint states a claim upon which relief can be granted against defendant Lowery.

## IV. Blackwelder and Howell.

Plaintiff's amended complaint is replete with claims that he filed grievances to defendant Blackwelder and appeals to defendant Howell about plaintiff's April 2022 detention and plaintiff was not satisfied with the responses. Of course, filing grievances is required in some cases to exhaust administrative remedies prior to bringing an action in federal court. However, there is no federal statutory or constitutional right to have grievances in a county jail resolved in your favor.

Plaintiff claims that defendants Blackwelder and Howell, acting as sheriff and chief correctional officer, are responsible for the actions of other employees who plaintiff claims unlawfully arrested him, unlawfully held him in custody, unlawfully failed to bring plaintiff before a judge in a timely manner after arrest, or failed to release him in a timely manner after he posted bond or was ordered released. "A supervisor may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory." Tlamka v. Serrell, 244 F.3d 628, 635 (8th Cir. 2001).

Plaintiff's claims that he was illegally arrested and held in custody also fail. The United States Supreme Court has held that, in order to recover damages for allegedly unconstitutional imprisonment, "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). *See also*, Newmy v. Johnson, 758 F.3d 1008, 1009 (8th Cir. 2014) (applying Heck bar to parole officer's report resulting in revocation).

Plaintiff seeks relief for arrests made in 2022 arising out of matters involving contempt of court, violation of conditions of release, new law violations, and for revocation of a suspended sentence. Plaintiff cannot show that, as to any of the arrests in 2022, the state court charges associated with those arrests were resolved in his favor.

Plaintiff's claims that he was illegally held longer than necessary after posting bond or after a judge issued conditional release orders should have been raised, if at all,

7

in the underlying criminal matters or by way of habeas corpus prior to his release. "False imprisonment is a state law tort claim." <u>King v. Beavers</u>, 148 F.3d 1031, 1034 (8th Cir. 1998). Such claims cannot be raised in a § 1983 action.

**V. Yost, Barrientos, Stricherz, Jennings, Jordan, Brandon, Thomason, Securus.**

Plaintiff abandoned any claims against defendants Jordan, Brandon, Thomason, and Securus in the amended complaint. Plaintiff has failed to effectuate service of process against defendants Yost, Barrientos, Stricherz, Jennings, Jordan, Brandon, Thomason, or Securus. Plaintiff filed the original complaint on April 19, 2023. At no time since then has plaintiff filed proof of service of process as required by Fed. R. Civ. P. 4. Pursuant to Rule 4(m), this matter is subject to dismissal.

## ORDER

Based upon the foregoing,

IT IS ORDERED:

1. The motion to dismiss defendant Crown, Doc. 5, is granted

2. The motion to dismiss defendants Blackwelder and Howell, Doc. 8, is granted

3. The motion to dismiss defendants Carter, Lowry, Nills, and Solum, Doc. 20, is granted.

4. The motion to dismiss the amended complaint against defendants Blackwelder, Howell, and Lowery, Doc. 30, is granted.

5. The clerk shall terminate all defendants other than Yost, Barrientos, Stricherz, and Jennings.

6. Plaintiff shall, on or before April 18, 2024, set forth good cause, if any, for failure to timely effectuate service of process against defendants Yost, Barrientos, Stricherz, and Jennings. Failure to do so will result in dismissal of those defendants.

DATED this 18th day of March, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

8